ROTHSCHILD, J.,
dissents.
|! Because I find that the trial court improperly considered evidence of defendant’s guilt or innocence at the hearing on the motion to quash, I must respectfully dissent from the majority opinion.
The law is well settled that at a hearing on a motion to quash the evidence, evidence should be limited to procedural matters. The question of factual guilt or innocence is not before the court. State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); State v. Hampton, 01-1065 (La.App. 5 Cir. 2/26/02), 811 So.2d 1054.
A court considering a motion to quash must accept as true the facts contained in the bill of information and determine as a matter of law from the face of the pleadings whether a crime has been charged. While evidence may be adduced on the motion to quash, such evidence may not include a defense on the merits. Byrd, supra.
Accepting as true the fact contained in the bill of information, I find that the face of the bill sufficiently provided that the crime of failing to register as a sex offender had been charged. In making a determination to quash the information, the trial court necessarily considered evidence presented at the hearing and the application of recent statutory amendments to the charges. By ruling on the evidence submitted at the hearing of this matter, I find that the trial court improperly considered the merits of the |2charges against defendant, and ultimately determined that defendant was not guilty of failing to maintain his sex offender registration requirements because he fulfilled his obligation before he moved to Louisiana. In my view, this determination is beyond the scope of a finding that could be made at a motion to quash. To the extent the ma *1112 jority opinion reviews the evidence presented at the motion to quash and makes a determination regarding the application of the statutory amendments and defendant’s innocence, I find that the opinion is in error.
For this reason, I must dissent. I would reverse the trial court’s ruling and remand the matter for trial on the merits, where a defense to the charges can properly be made by defendant.